**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CARRIE ELLISON, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | Case No.:  **2:14-CV-00154-RDP** |
| | } | |
| THE CITY OF BIRMINGHAM, | } | |
| ALABAMA, | } | |
| | } | |
| **Defendant.** | } | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on Defendant's Motion for Summary Judgment.  (Doc. # 20).  The Motion has been fully briefed.  (Docs. # 21, 22 and 25).

Plaintiff's Complaint alleges that Defendant retaliated against her in violation of Title VII.  42 U.S.C. § 2000e et seq.  On April 14, 2014, the court ruled on Defendant's Motion to Dismiss.  (Doc. # 11).  In that Order, the court dismissed Counts Two through Eight, and allowed Counts One and Nine to proceed.  Defendant has now moved for summary judgment on those two remaining claims.

I.      **Summary of Relevant Facts**[1]

The City of Birmingham ("City") is a municipal corporation under the laws of the State of Alabama.  (Doc. # 1 ¶ 8).  The City has an EEO policy and police officers, supervisors and employees are trained on the policy.  (Doc. # 21-1 ¶ 3).

---

[1] If facts are in dispute, they are stated in the manner most favorable to the non-movant, and all reasonable doubts about the facts have been resolved in favor of the non-movant.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).  These are the "facts" for summary judgment purposes only.  They may not be the actual facts that could be established through live testimony at trial.  *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994).  Asserted "facts" that are not facts at all will be disregarded.  *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 642 (11th Cir. 1998) (conclusory allegations without specific supporting facts have no probative value).

Carrie Ellison is an African-American Female.  She began her employment with the City on May 14, 1994, in the position of Administrative Typist.  Plaintiff was promoted to Latent Print Examiner on August 14, 2009.  (Doc. # 1¶ 9, Doc. # 21-1).

On December 5, 2011, Plaintiff alleges she was subjected to workplace harassment when her co-worker, Anita Patterson, called her the "devil" for "keeping up mess."  (Doc. # 1 ¶  21). Plaintiff was also called "baby duck" for "following up behind momma duck," referring to a friend of Plaintiff's.  (Doc. # 1 ¶  21).  Plaintiff was also accused of damaging a co-worker's angel figure that was hanging on the wall.  (Doc. # 1 ¶  21).

On December 7, 2011, Plaintiff complained to her supervisor, Wanda Crawford, that she was being harassed at work. (Doc. # 1 ¶ 9, 23; Doc. # 22-8 at 6).  When asked in what manner she was being harassed, Plaintiff explained that she was "[d]eemed as a troublemaker.  Using my husband's position to get what I want is exactly what was stated to me."  (Doc. # 22-8 at 6).

On December 7, 2012, Plaintiff was demoted by Chief of Police AC Roper[2] from the position of Latent Print Examiner back to Administrative Assistant for making fingerprint identification mistakes. (Doc. # 21-1). Roper determined that Plaintiff had committed her fifth error in a twelve month period which demonstrated an inability to operate or function as a LPE. (Doc. # 21-1).[3]

On May 16, 2013, Plaintiff filed an EEOC charge alleging retaliation regarding her demotion.  (Doc. # 1-1).

_____

[2] Roper is the Chief of Police for the City of Birmingham Police Department. He is an African-American male. (Doc. # 21-1).

[3] Plaintiff has not disputed that she made the errors with which she was charged. Instead, she argues that she had not been properly trained, despite having held the position for three years at the time in question. (Doc. # 22 at 4-5).

2

Plaintiff also appealed her demotion to the Personnel Board of Jefferson County of Alabama. (Doc. # 21-2). A hearing was held on her appeal on December 19, 2013 and March 27, 2014. (Doc. # 21-2 at 8). On May 12, 2014, Lee Winston, on behalf of the Personnel Board of Jefferson County of Alabama, upheld Plaintiff's demotion. (Doc. # 21-2 at 8-12).

On June 14, 2014 Plaintiff resigned her employment with the City of Birmingham. (Doc. # 22 at 2).

## II.     Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the Rule requires the non-moving party to go beyond the pleadings and -- by pointing to affidavits, or depositions, answers to interrogatories, and/or admissions on file -- designate specific facts showing that there is a genuine issue for trial. *See id*. at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson v. Liberty Lobby, Inc.* teaches, Rule 56(c) "does not allow the plaintiff to simply rest on his allegations made in the complaint; instead, as the party bearing the burden of proof of trial, he must come forward with at least some evidence to support each element essential to his case at trial." *Anderson*, 477 U.S. at 252. "Mere allegations" made by a plaintiff are insufficient. *Id.*

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Southwest Airlines Co.*, 243 F. Supp.2d 1257, 1262 (D.Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one sided that one party must prevail as a matter of law.'" *Sawyer*, 243 F. Supp.2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp.2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear … that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

### III.    Analysis

Two claims remain pending from Plaintiff's Complaint: (1) Count One alleges retaliation in violation of Title VII based on Plaintiff's demotion (Doc. # 1 at ¶¶ 66-71); and (2) Count Nine alleges a retaliatory hostile environment claim.  (Doc. # 1 at ¶¶ 86-87).

### A.    Plaintiff's Retaliation Claim

Count One of Plaintiff's Complaint alleges that her December 15, 2012 demotion was retaliatory.  Title VII's anti-retaliation provision provides that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment... because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a) (1982).

To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in a statutorily protected expression; (2) she suffered an adverse employment action; and (3) there is some causal relationship between the two events. *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997) (per curiam); *see also Goldsmith v. City of Atmore*, 996 F.2d 1155, 1162-63 (11th Cir. 1993).  In the context of a retaliation claim, where proof of retaliatory intent is offered by way of circumstantial evidence, courts apply a burden-shifting scheme akin to the *McDonnell Douglas* framework. If the plaintiff makes out a prima facie case of retaliation, the burden shifts to the employer to articulate a legitimate reason for the adverse employment action. *Sullivan v. Nat'l R.R. Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir. 1999). If the employer proffers a legitimate reason, the burden shifts back to the employee to show that the legitimate reason was pretext for prohibited retaliatory conduct. *Id.*  The plaintiff can demonstrate pretext by exposing "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the

5

defendant's reasoning. *Springer v. Convergys Customer Mgmt. Grp. Inc*., 509 F.3d 1344, 1348 (11th Cir. 2007).

A review of the Rule 56 evidence makes clear that although Plaintiff has met the second element here, she has utterly failed to establish the first and third elements.

### 1.   Plaintiff's 2011Complaint was Not Statutorily Protected Conduct

"Title VII's protections against retaliation do not create an aegis or shield guarding against any and all retaliatory wrongs." *Cooley v. Great S. Wood Preserving, Inc*., 2004 WL 5570664, at *9 (M.D. Ala. 2004) *aff'd sub nom. Cooley v. Great S. Wood Preserving*, 138 F. App'x 149 (11th Cir. 2005). Thus, to satisfy the first prong of the prima facie case, an employee who claims retaliation for making a complaint of harassment must have had a good faith, objectively reasonable belief that such harassment was unlawful *under Title VII*. *Cooley*, 2004 WL 5570664 at *9 (citing *Little v. United Techs., Carrier Transicold Div*., 103 F.3d 956, 960 (11th Cir. 1997)). Title VII prevents discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2.

The "harassment" about which Plaintiff made a complaint was not based on any protected categories covered by Title VII. Rather, Plaintiff testified that the harassment was because she was "[d]eemed as a troublemaker. Using my husband's position to get what I want is exactly what was stated to me." (Doc. # 22-8 at 6). The only alleged harassment of which Plaintiff has provided detailed is being called the "devil" for "keeping up mess." (Doc. # 1 ¶ 21). Plaintiff was also called "baby duck" for "following up behind momma duck," referring to a friend of Plaintiff's. (Doc. # 1 ¶ 21). Thus, the "harassment" about which Plaintiff complained was not harassment that is made unlawful by Title VII. Claims related to retaliation on the basis of complaints about unspecified interpersonal conflict are wholly unrelated to Title

VII.  Even if the court were to assume that Defendant retaliated against Plaintiff on this basis, this conduct would not be prohibited by Title VII.  *See Cooley*, 2004 WL 5570664 at *9.

Because Plaintiff did not make a complaint that she was being harassed for any reason made unlawful by Title VII, she cannot establish the first element of her prima facie case of Title VII retaliation.

### 2.  Plaintiff Has Failed to Establish a Causal Relation Between Her Complaint and Her Demotion

Even if Plaintiff could establish the first element by showing that she engaged in statutorily protected conduct (and to be clear, she has not made that showing), and even though she has indeed established the second element (that is, her demotion does in fact constitute an adverse employment action), her claim would still fail.  The remaining question is whether she can meet the third element.  To do that, Plaintiff has to establish a causal connection between her alleged protected expression and her demotion.  She has also failed to make that showing.

A plaintiff establishes a causal connection by showing that the relevant decision-maker was "aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated."  *Shannon v. Bellsouth Telecomm., Inc*., 292 F.3d 712, 716 (11th Cir. 2002) (quoting *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000)). The plaintiff bears the burden of persuasion "to proffer evidence sufficient to permit a reasonable fact finder to conclude that the retaliatory animus was the 'but-for' cause" of the adverse action. *Sims v. MVM, Inc*., 704 F.3d 1327, 1332 (11th Cir. 2013).

Plaintiff's EEOC Charge indicated that she was retaliated against because her husband, who retired in 2008, conducted an investigation prior to his retirement.  (Doc. # 1-1).[4]  "To

---

[4] To be clear, this is not a case where the protected conduct can be characterized as "participation." Plaintiff's demotion clearly could not have been in retaliation for the filing of her EEOC charge because her demotion predated the EEOC Charge.  (Doc. # 1-1).

establish a causal connection, a plaintiff must show that 'the decision-makers were aware of the protected conduct' and 'that the protected activity and the adverse employment action were not wholly unrelated.'" *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000) (internal citation omitted), overruled on other grounds, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). "Close temporal proximity between the protected activity and the adverse action may be sufficient to show that the two were not wholly unrelated." *Bass v. Bd. of County Comm'rs*, 256 F.3d 1095, 1119 (11th Cir. 2001) (citation omitted). However, a lapse in time of several months, in the absence of other evidence tending to show causation, is insufficient. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). Some four years passed between what Plaintiff claims was protected activity and her demotion. "This lapse in time, standing alone, is enough to extinguish Hall's claims in light of the Supreme Court's decision in *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511 (2001)." In other words, such a substantial time lapse between any protected conduct and the alleged adverse action is too great to constitute circumstantial evidence of causation. *See, e.g., Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (citing affirmatively several court of appeals decisions for the proposition that a three to four month gap is insufficient to establish the causal relation prong in a retaliation case); *Wascura v. City of South Miami*, 257 F.3d 1238, 1244-45 (11th Cir. 2001) (holding three and one-half month period between plaintiff's protected conduct and the adverse employment action was insufficient to establish a causal connection).

In addition to the substantial time lapse here, it is also undisputed that Chief Roper promoted Plaintiff in the interim in 2009. This fact operates as a break in the chain of causal connection and removes any inference that her 2012 demotion was in any way in retaliation for her husband's 2008 investigation. (Doc. # 1-1).

8

Finally, as to the complaint Plaintiff made to Crawford in 2011, that she was being harassed at work, not only is that complaint not a statutorily protected expression (as discussed above), there is no evidence in the record that Chief Roper, the decision maker with regard to Plaintiff's demotion, was even aware of that complaint. Therefore, even if Plaintiff had established the first element of her prima facie case, Plaintiff has failed to establish the third element: causation.

### 3. Defendant's Legitimate Non-Retaliatory Reason for Plaintiff's Demotion

To establish retaliation under Title VII, the plaintiff must meet the ultimate burden of showing that the reasons given for an adverse action were a pretext for retaliation and that retaliation was the but-for cause of the adverse action. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517 (2013). Even if Plaintiff had established a prima facie case of retaliation (which she has not), Defendant has articulated a legitimate, non-retaliatory reason for her demotion which she has failed to establish was pretextual.

On December 7, 2012, Plaintiff was demoted by AC Roper from the position of Latent Print Examiner back to Administrative Assistant. (Doc. # 21-1). The reason given for the demotion was that Plaintiff had made fingerprint identification mistakes. (Doc. # 21-1). Plaintiff had committed her fifth error in a twelve month period which demonstrated an inability to operate or function as a LPE. (Doc. # 21-1). Plaintiff has not disputed that she made the errors at issue. Instead, she argues that she had not been properly trained. However, the evidence in the record shows that she committed these errors despite having held the position for three years and after receiving remedial training. (Doc. # 21-1 at 4; Doc. # 22 at 4-5).

In evaluating pretext, the court asks "whether the plaintiff has cast sufficient doubt on the defendant's proffered non[retalia]tory reasons to permit a reasonable factfinder to conclude that

the employee's proffered legitimate reasons were not what actually motivated its conduct." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (citation and internal quotation marks omitted).   As long as the proffered reason is one that might motivate a reasonable employer, "an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc).   This, Plaintiff has not even attempted to do.  (Doc. # 22 at 5-6).   Therefore, for the additional reason that Defendant has articulated a legitimate, non-retaliatory reason for Plaintiff's demotion that Plaintiff has not established was pretextual, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

### B.   Plaintiff's Retaliatory Hostile Environment Claim

In Count Nine of her Complaint, Plaintiff asserts a claim that she was subjected to a retaliatory hostile environment.

"A prima facie case of retaliatory hostile work environment, like a prima facie case of retaliation generally, requires the establishment of protected activity." *Wheatfall v. Bd. of Regents of Univ. Sys. of Ga.*, 9 F.Supp.3d 1342, 1359 (N.D.Ga.2014) (citing *Gowski v. Peake*, 682 F.3d 1299, 1311 (11th Cir. 2012)).   For the reasons discussed above, Plaintiff cannot establish that she engaged in statutorily protected conduct under Title VII with regard to her 2011 complaint, and thus fails to establish the first element of her claim in relation to the complaint made to Crawford.

The analysis of the second element of Plaintiff's retaliatory environment claim is different than her retaliatory demotion claim, however.   Plaintiff argues that Defendant created a hostile environment after she filed her EEOC Charge.  (Doc. # 22 at 6).   The Eleventh Circuit "recognizes a cause of action for retaliatory hostile work environment." *Gowski v. Peake*, 682

F.3d 1299, 1312 (11th Cir.2012).  To rise to the level of an adverse employment action, the retaliatory harassment Plaintiff suffered must be "sufficiently severe or pervasive to alter the terms and conditions of employment."  *Id.*  Here, Plaintiff argues that the environment was so intolerable it culminated in her resignation.  (Doc. # 22 at 6).  However, nowhere does Plaintiff set forth the facts that allegedly made the environment intolerable.  (*See, generally,* Doc. # 22). In fact, in this section of Plaintiff's brief, she cites to nothing but the unsworn allegations of her Complaint.  (Doc. # 22 at 7).

As discussed above in addressing the standard of review, Rule 56 "does not allow the plaintiff to simply rest on his allegations made in the complaint; instead, as the party bearing the burden of proof of trial, he must come forward with at least some evidence to support each element essential to his case at trial."  *Anderson*, 477 U.S. at 252.  "Mere allegations" made by a plaintiff are insufficient.  *Id.*  Because Plaintiff has presented nothing other than the "mere allegations" of her Complaint, she has failed to meet her burden of showing, with affirmative proof, that the alleged retaliatory acts were severe and pervasive enough to alter the terms of her employment.[5]  Therefore, Defendant is entitled to summary judgment on this claim.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's is entitled to summary judgment on the two remaining claims in Plaintiff's Complaint.  A separate order will be entered.

---

[5] *See* Federal Rule of Civil Procedure 56(c) (clarifying that parties must support their factual positions on summary judgment by "citing to particular parts of materials in the record" and that the court "need consider only the cited materials"); *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 672 (10th Cir.1998) (federal courts "are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *William son v. Clarke County Dep't of Human Resources*, 834 F.Supp.2d 1310, 1314 n. 2 (S.D. Ala. 2011) ("The Court will not scour uncited portions of the summary judgment record for evidence that might bolster either side's arguments.").

**DONE** and **ORDERED** this April 18, 2016.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE